# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SIR MICHAEL MILLER,  
    Petitioner,

vs.

WARDEN, LEBANON  
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:16-cv-865

Black, J.  
Wehrman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on the petition, respondent's return of writ, and petitioner's reply. (Docs. 3, 5, 8).

## I.  FACTUAL BACKGROUND:

The Ohio Court of Appeals, First Appellate District, provided the following summary of the facts that led to petitioner's convictions and sentence:[1]

> On an April night in 2012, a group of individuals was gathered outside the Virginia Apartments in Avondale. A car pulled up, and at least one masked man got out and opened fire. Three members of the assembled group were hit by gunfire—Deion Jennings was shot once, Cameron Watkins three times, and Tyisha Pates five times.
>
> Monica Henderson happened to be looking out her apartment window shortly before the shooting. Ms. Henderson saw a "burnt-orange" colored car that resembled a PT Cruiser pull up around the bend from where Mr. Jennings's group was gathered. Although it was nighttime, the car's headlights were not illuminated. She told the court that she saw a male passenger jump out of the back seat of the car and walk around to the side of the apartment building. Ms.

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has not presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

> Henderson then heard lots of gunshots. The passenger jumped back into the car, and the car sped away. Ms. Henderson called 911.
>
> Shortly after receiving reports of the shooting, police officers stopped an orange HHR vehicle. The car's headlights were not on. During the trial, Ms. Henderson acknowledged that the HHR vehicle, which looks similar to a PT Cruiser, was the car she saw before the shooting. [Petitioner] was driving the car. Before the car was stopped, another man jumped out and ran away. A police officer with a canine partner was called to the scene to track the man who had fled. The canine team was unable to find the man who had run, but it did discover a firearm close to the path the man had taken. Bullet casings found at the scene of the shooting matched the gun that was found. Some gunshot residue was found on [petitioner's] hands, and a white tee shirt that was in the car had [petitioner's] DNA on it. Six cell phones were found in the car. One of the cell phones was registered to Carlos Davis, leading the police officers to theorize that Mr. Davis was the individual who had run from the car. [Petitioner] was taken into custody and transported to police headquarters.
>
> During the trial, Officer David Gregory testified about an ongoing dispute between two groups in the area—a group that hung out at Ponciana Apartments and a rival group that congregated at 914 Burton Street. One of the victims, Mr. Jennings, was associated with the Ponciana group. [Petitioner], Mr. Davis and Rodney "Nut" Watkins were part of the 914 Burton group. Mr. Jennings agreed that there had been tension between the two groups. The tension escalated days before the shooting at the Virginia Apartments, when Nut Watkins was killed. [Petitioner] was there when Nut was shot and drove him to the hospital. Text messages between [petitioner] and his friends indicated that [petitioner] was very upset about Nut's death and a drive-by shooting that occurred at Nut's memorial service.

(Doc. 4, Ex. 10, at PageID 97-98) (internal footnote omitted).

## II. PROCEDURAL HISTORY

### State Trial and Appellate Proceedings

In May of 2012, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with eleven counts of Felonious Assault, each count with two firearm specifications, and one count of having weapons while under disability. (*See* Doc.4, Ex. 1). Following a bench trial, petitioner was found guilty of six counts of complicity to felonious assault with specifications and of having weapons while under disability. (Doc. 4, Ex. 3). He was found not

2

guilty of the remaining counts. (Doc. 4, Ex. 4). Petitioner was sentenced to a total aggregate sentence of twenty-one years of imprisonment in the Ohio Department of Corrections. (Doc. 4, Ex. 6, at PageID 50).

On November 16, 2010, through counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 10, Ex. 8). Petitioner raised the following assignments of error challenging his convictions and sentence:

I. THE TRIAL COURT ERRED BY PERMITTING THE STATE TO IMPROPERLY REFRESH WITNESSES' RECOLLECTIONS AND COMMENT ON THE WRITINGS USED TO REFRESH THEIR RECOLLECTIONS. (Tp. Vol. I, pgs. 68-71, 127-131)

II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY ALLOWING HEARSAY AND OTHER IRRELEVANT AND PREJUDICIAL EVIDENCE TO BE ADMITTED IN VIOLATION OF APPELLANT'S RIGHT TO A FAIR AND IMPARTIAL TRIAL. (Tp. Vol. III, pgs. 310, 311, 313, 314; Tp. Vol. V, pgs. 568, 607-625, 632-635; State's Exhibits 17 A-F, 29, 66, 67)

III. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS THUS PREJUDICING HIS RIGHT TO A FAIR TRIAL. (Tp. Vol. I, pgs. 68-75, 127-131; Vol. III, pgs. 329-332; Vol. V, pgs. 568, 607-625, 632-635)

IV. THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN APPELLANT'S CONVICTIONS. (Td. [sic] 152, 153)

V. THE TRIAL COUR ERRED AS A MATTER OF LAW BY IMPROPERLY SENTENCING APPELLANT. (Td. [sic] 159)

(*Id.* at i-iii.). On January 30, 2015, the Ohio appellate court affirmed petitioner's convictions, but vacated his sentence and remanded his case for resentencing.[2] (Doc. 4, Ex. 10, at PageID 105). On March 16, 2015, petitioner filed a notice of appeal to the Ohio Supreme Court. (Doc.

---

[2]The Ohio Court of Appeals vacated the imposition of consecutive sentences and remanded the case to the trial court for resentencing for necessary statutory findings to be placed on the record in accordance with *State v. Bonnell*, 16 N.E.3d 659 (Ohio 2014). (Doc. 4, Ex. 10, at PageID 104-05).

3

10, Ex. 11). In his memorandum in support of jurisdiction, petitioner raised the first assignment of error raised on direct appeal with the Ohio Court of Appeals. (*See* Doc. 4, Ex. 12). On August 26, 2015, the Ohio Supreme Court declined to accept jurisdiction over the appeal. (Doc. 4, Ex. 14). Meanwhile, on remand, the trial court imposed the same sentence. (Doc. 4, Ex. 15). Petitioner did not appeal his resentencing. (*See* Docs. 3, at PageID 24; 5, at PageID 156).

## Federal Habeas Corpus

In August 2016, petitioner commenced the instant habeas corpus action. (Doc. 1). In his petition for habeas corpus relief (Doc. 3), petitioner asserts the following ground for relief:

> Petitioner was denied the fundamental fairness of trial and the due process rights guaranteed by the Fourteenth Amendment of the United States Constitution when the trial court abused it's [sic] discretion and allowed the State to use prior statements in open court to reconstitute witnesses' recollections, specifically in relation to the identity of the perpetrator.

(Doc. 3, at PageID 26).

Respondent opposes the petition. (Doc. 5). In the return of writ, respondent contends that petitioner's sole ground for relief is procedurally defaulted because petitioner failed to object to the admissibility of the challenged statements at trial and because he presented the claim to the state courts solely as an issue of state evidentiary law. (*Id.*, at PageID 159-62). Alternatively, respondent contends that the claim in petitioner's ground for relief fails on the merits. (*Id.*, at PageID 162-64). In his reply, petitioner opposes respondent's procedural defenses and argues the merits of the claim. (Doc. 8, at PageID 177-84). For the reasons below, the Court finds that respondent's arguments are well taken and that the petition (Doc. 3) should be denied.

## III. THE PETITION SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication of the constitutional claim that were raised to and decided by the Ohio courts is set forth in 28

4

U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* [563] U.S. [170], 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v.*

5

> *Richter,* [562] U.S. [86, 98-99], 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court has further held that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 293 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 562 U.S. at 102. In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 40 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the

6

holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412); *see also White v. Woodall*, _ U.S. _, 134 S.Ct. 1697, 1702 (2014) (quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012) (internal citation and quotation marks omitted)) ("[C]learly established Federal law' for purposes of § 2254(d)(1) includes 'only the holdings, as opposed to the dicta, of this Court's decisions."). Decisions by lower courts are relevant only "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

     **A.**     **The claim in Petitioner's Sole Ground for Relief is procedurally defaulted.**

In his sole ground for relief, petitioner claims that the trial court violated his Fourteenth Amendment right to due process when the court allowed the state to refresh the recollection of witnesses regarding the identity of the perpetrators. (Doc. 3, at PageID 26). Petitioner has procedurally defaulted this claim for two reasons.

First, petitioner has waived any claim of constitutional error because he failed to fairly present his constitutional claim to the state courts. "Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Fulcher v. Motley,* 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003)); *see also* 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy,* 757 F.2d at 97, 99-100. Moreover, it is well-settled that in order to

7

satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claim to the state courts. *Fulcher,* 444 F.3d at 798; *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state courts of the claim's federal nature. *McMeans,* 228 F.3d at 681. Under those guidelines, the fair presentation requirement is satisfied if the petitioner raised the federal issue in the state courts by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.* (citing *Franklin*, 811 F.2d at 326). "General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated." *Id*. Such generalized argument "does not adequately apprise the state courts of the constitutional theory to be relied upon at appellate review." *Franklin,* 811 F.2d at 326 (finding that a petitioner had not fairly presented a federal constitutional issue where the petitioner had relied exclusively on state evidentiary law in the state courts).

In this case, petitioner failed to fairly present his constitutional claim to the state courts. In his state filings, petitioner cast his challenge to the state's use of prior witness statements solely in terms of state evidentiary law. (*See* Doc.4, Exs. 8, at PageID 64-66; 12, at PageID 118). Petitioner's general statement in his brief to the Ohio Court of Appeals that "his right to a fair trial" was "affected" (Doc. 4, Ex. 8, at PageID 66) and in his Memorandum in Support of

8

Jurisdiction to the Ohio Supreme Court that "his right to due process and a fair trial" were violated (Doc. 4, Ex. 12, at PageID 110, 118) are insufficient to meet the requirements of fair presentation. *See McMeans,* 228 F.3d at 681; *Franklin,* 811 F.2d at 326; *see also Blackmon v. Booker*, 394 F.3d 399, 400-01 (6th Cir. 2004) (finding that "claims in [the petitioner's] brief headings and conclusions that admission-of-evidence errors and prosecutorial misconduct violated his rights to a fair trial and due process" were insufficient to meet the requirements of fair presentation). Petitioner did not rely on federal or state cases employing a constitutional analysis in a similar fact pattern, nor can the Court conclude that petitioner phrased his claim in terms of constitutional law or alleged facts well within the mainstream of constitutional law. *See McMeans,* 228 F.3d at 681.

A second reason that petitioner's claim is procedurally defaulted is that petitioner did not object to the alleged error at trial. In Ohio, a petitioner waives an alleged error when he fails to make a contemporaneous objection. *See Osborne v. Ohio*, 495 U.S. 103, 124 (1990) (recognizing Ohio's long-standing contemporaneous objection rule). Ohio's contemporaneous objection rule is a firmly-established, adequate and independent state procedural rule, which serves to foreclose federal habeas review when relied on by the state courts as a basis for denying relief. *See, e.g., Goodwin v. Johnson,* 632 F.3d 301, 315 (6th Cir. 2011) (citing *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001)); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *see also State v. Murphy*, 747 N.E.2d 765, 788 (Ohio 2001) (noting that Ohio's "waiver rule," which "requires that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review," is "of long standing" and "goes to the heart of the adversary system of justice"). The Sixth Circuit has repeatedly held that "plain error" review by the state appellate court "constitutes enforcement of Ohio's contemporaneous objection rule."

*See Williams v. Bagley,* 380 F.3d 932, 968-69 (6th Cir. 2004) (and Sixth Circuit cases cited therein); *see also Goodwin*, 632 F.3d at 315.

The Ohio Court of Appeals found that trial counsel did not object to the prosecution's allegedly erroneous use of witness statements.  (*See* Doc. 4, Ex. 10, at PageID 100).  Further, the Ohio Court of Appeals clearly enforced the state procedural bar by reviewing petitioner's assignment of error under plain error analysis.  (*See id.*)  As such, the state appellate court's plain-error review did not constitute a waiver of the state procedural default rules.  *Seymour v. Weaver*, 224 F.3d 542, 557 (6th Cir. 2000); *see also Goodwin*, 632 F.3d at 315.  The Ohio Supreme Court's later unexplained entry summarily denying petitioner's application for leave to appeal must be presumed to rely on the same state procedural ground.  *See Taqwiim v. Johnson*, No. 99-3425, 2000 WL 1234322, at *3 (6th Cir. Aug. 22, 2000) (citing *Levine v. Torvik*, 986 F.2d 1506, 1517 n.8 (6th Cir. 1993), and *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)).

Having procedurally defaulted the claim in his sole ground for relief, petitioner may now obtain review by this Court only by showing either cause and prejudice or a miscarriage of justice.  *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986).  In his reply, petitioner asserts that trial counsel was ineffective by not objecting the admission of the challenged evidence at trial.  (*See* Doc. 8, at PageID 180-81).  ).  Ineffective assistance of counsel can provide cause for a procedural default unless the ineffective assistance of appellate counsel claim was itself procedurally defaulted.  *See Murray,* 477 U.S. at 488-89.  *See also Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005).

As set forth above, a state prisoner must exhaust his state remedies by fairly presenting federal claims to the state courts before seeking federal habeas corpus relief on such claims.  *See O'Sullivan,* 526 U.S. at 845, 848.  The Court cannot consider petitioner's claim of ineffective

assistance of trial counsel—which petitioner has offered to serve as cause for his procedural default (*see* Doc. 8, at PageID 180-81)—unless the Ohio courts have first had an opportunity to correct the alleged constitutional deficiency.

Petitioner raised the ineffective assistance of trial counsel in his brief in the Ohio Court of Appeals. However, he did not raise the claim in his brief in the Ohio Supreme Court. When a claim was, or could have been raised on direct appeal, it is barred under the doctrine of *res judicata*. *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967); *see also Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). To the extent that petitioner argues that appellate counsel should have raised the claim in the Ohio Supreme Court, the ineffective assistance of appellate counsel cannot constitute cause because petitioner was not entitled to assistance of counsel in filing a discretionary appeal to the Supreme Court of Ohio. *See Ross v. Moffitt*, 417 U.S. 600, 610 (1974). Nor can appellate counsel's failure to raise a federal due process claim on direct appeal serve as cause. "Under Ohio law, a criminal defendant must raise his ineffective assistance of appellate counsel claim in an application for reopening (i.e., a motion for delayed reconsideration) filed 'in the court of appeals where the alleged error took place.'" *Fautenberry v. Mitchell*, 515 F.3d 614, 639 (6th Cir. 2008) (quoting *State v. Murnahan*, 584 N.E.2d 1204, 1209 (1992)); *see also Williams v. Lazaroff*, 648 F. App'x 548, 553 (6th Cir. 2016). Ohio Rule of Appellate Procedure 26(B) permits a criminal defendant to file an application for reopening an appeal within ninety days of the appellate judgment "unless the applicant shows good cause for filing at a later time." Ohio R. App. P. 26(B)(1). Petitioner did not file a Rule 26(B) motion for reopening in the Ohio courts (*see* Doc. 3, at PageID 24, 27) and has not provided cause for his failure to do so. Unexhausted ineffective-assistance-of-appellate-counsel claims may be deemed procedurally defaulted when a criminal defendant fails to provide cause for failing to file a Rule

26(B) motion for reopening within the prescribed ninety-day period. *See Goldberg v. Maloney*, 692 F.3d 534, 538 n.3 (6th Cir. 2012).

Petitioner cannot overcome the procedural default of his claim by demonstrating that failure to consider the claim will result in a miscarriage of justice because has not provided any new evidence of his actual innocence. *See Murray*, 477 U.S. at 496; *see also Schlup v. Delo*, 513 U.S. 298, 329 (1995) ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

Petitioner's sole ground for habeas corpus relief is therefore barred from review. *See, e.g., Harris v. Reed,* 489 U.S. 255, 262 (1989).

### B. Petitioner's claim fails on the merits.

Even assuming for the sake of argument that petitioner's claim was not procedurally defaulted, it has no merit. As an initial matter, the Court is precluded from reviewing petitioner's claim to the extent that it is based on alleged violations of state law. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

Further, although state court evidentiary rulings may violate due process when they render a trial fundamentally unfair, the Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Cowans v. Bagley*, 624 F. Supp.2d 709, 802 (S.D. Ohio 2008) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1989)). "Erroneously

admitted evidence deprives a defendant of fundamental fairness only if it was a crucial, critical, highly significant factor in the [defendant's] conviction." *Daniels v. Lafler*, 192 F. App'x 408, 420 (6th Cir. 2006) (quoting *Jacobs v. Singletary*, 952 F.2d 1282, 1296 (11th Cir. 1992)).

In his reply, petitioner clarifies that the trial court allegedly violated his right to due process by "allow[ing] the prosecution to 'refresh' the recollection of testifying witnesses [Jennings and Pates] by reading prejudicial portions of their hearsay statements in open court where the respective witnesses emphatically stated they did not remember making the statements and when the statements involved identification of the perpetrator of the crime." (Doc. 8, at PageID 182). Petitioner contends that the challenged statements "described and identified the perpetrator, [and] related to motives that lent to bolstering the prosecutor's theory of the case against petitioner." (*Id*., at PageID 183).

The Ohio Court of Appeals described the challenged statements as follows:

> In the first instance, the state questioned Mr. Jennings about whether he had identified the clothes worn by [petitioner] as the clothes that one of the shooters had worn. A day after he was shot, police officers showed Mr. Jennings a photograph that had been taken of [petitioner] at police headquarters. At trial, Mr. Jennings stated that he could not remember making a statement to police officers about the clothes that [petitioner] wore in the photograph. After asking Mr. Jennings to review his statement to police officers, the state asked, "[Y]ou can't remember saying, 'Those are the clothes'?" Mr. Jennings responded, "I can't. I really can't." Again the state asked, "And you see the last statement there? 'I've seen the clothes, that shirt before on the shooter.' Remember saying that?" Mr. Jennings again said, "No."
>
> The state later used a leading question during its direct examination of Mr. Jennings when it asked, "[I]n your discussion with the police on the 4th you told them that you—as a matter of fact, it says you agreed you were the target, that it was a Ponciana versus Burton. Remember telling the police that?" Mr. Jennings answered, "Yes. I said it was tension."
>
> The state also used leading questions when questioning Ms. Pates, asking "Isn't it the case that you heard one of the shooters say 'Deion' before the shooting started?" Ms. Pates responded, "Uh-huh."

13

(Doc. 4, Ex. 10, at PageID 99-100).

In rejecting petitioner's challenge to the state's use of the statements on plain error review, the state appellate court found that petitioner could not demonstrate "that the outcome of the trial would clearly have been different but for the trial court's allegedly improper actions." (Doc. 4, Ex. 10, at PageID 100) (quoting *State v. Waddell*, 661 N.E.2d 1043, 1046 (Ohio 1996)). In so finding, the state court of appeals found that ample "other evidence" at trial established that petitioner "was the driver of the car that brought the shooter or shooters to and from the scene" and that "the shootings were targeted at members of the Ponciana group." (*Id.*). Given the other evidence at trial of petitioner's involvement in the underlying crimes of felonious assault, as set forth in the Ohio Court of Appeals' decision (*see* Doc. 4, Ex. 10, at PageID 97-98), petitioner cannot show that any error resulting from the admission of the statements at issue rendered his trial fundamentally unfair. *See Daniels*, 192 F. App'x at 420; *Singletary*, 952 F.2d at 1296.

Accordingly, in sum, petitioner is not entitled to habeas corpus relief based on the sole ground alleged in his petition because: (1) petitioner procedurally defaulted and waived the claim raised in that ground by failing to object to the alleged errors at trial; (2) petitioner failed to present any cognizable constitutional claim raised in that ground to the Ohio Courts; and (3) the claim raised in that ground fails on the merits. It is therefore **RECOMMENDED** that petitioner's petition for a writ of habeas corpus (Doc. 3) be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claim alleged in the petition, which this Court has concluded is waived and thus procedurally barred from review,

because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[3] In addition, a certificate of appealability should not issue with respect to the claim addressed alternatively on the merits herein in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack*, 529 U.S. at 475 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/ J. Gregory Wehrman*
J. Gregory Wehrman
United States Magistrate Judge

---

[3] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

SIR MICHAEL MILLER,  
    Petitioner,

vs.

WARDEN, LEBANON  
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:16-cv-865

Black, J.  
Wehrman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).